IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHRISTOPHER FARMER, # 244318**                                           **PETITIONER**

v.                                                                **CIVIL NO. 1:25cv75-HSO-RPM**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS**                                                                **RESPONDENT**

## **ORDER OF DISMISSAL**

This matter is before the Court sua sponte. Pro se Petitioner Christopher Farmer ("Farmer") filed this Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2254. Farmer is incarcerated with the Mississippi Department of Corrections. The Court has considered and liberally construed the pleadings and finds that this case should be dismissed without prejudice for failure to exhaust available state remedies.

On March 19, 2025, Farmer filed this habeas action, challenging his 2023 conviction from the Circuit Court of Harrison County, Mississippi. Pet. [1] at 1. Farmer complains of preindictment delay, ineffective assistance of counsel, false statements, and an edited video. *Id.* at 5-10. He alleges that the only state-court challenge to the conviction that he has filed is a petition for postconviction relief ("PCR") in the trial court, *id.* at 2-5, which was filed on February 5, 2025, and remains pending, *id.* at 3-4.

Before Farmer can pursue his habeas claim in this Court he must exhaust his available state remedies, 28 U.S.C. § 2254(b)(1)(A), and provide "the State the

'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights," *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).   To exhaust his habeas claim, Farmer is required to seek relief from the highest court of the State.   *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).   Farmer admits, however, that he still has a pending state-court challenge, which was filed shortly before the instant Petition.   Because Farmer has not exhausted his state-court remedies, this case must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE**.   A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 27th day of June, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE